**Shauna D. PARKS, Plaintiff,**

v.

**Thomas WILSON, Defendant.**

**Civ. A. No. 2:93–0042–22B.**

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 11, 1995.

---

John A. O'Leary, Laura Puccia Valtorta, Columbia, SC, for plaintiff.

Joseph Matthew McCulloch, Jr., Columbia, SC, for defendant.

### MEMORANDUM AND ORDER

WEXLER, Visiting District Judge.

Shauna D. Parks ("plaintiff") and Thaje R. Padgett, students at South Carolina State University (the "University"), brought suit, pursuant to 42 U.S.C. § 1983, alleging that, *inter alia,* the University, Dr. Thomas Wilson ("defendant"), and various other individuals, caused them to be subjected to sexual harassment in violation of rights guaranteed them by the United States Constitution. The Court, by order dated June 9, 1994, severed the claims of plaintiff and Ms. Padgett. Plaintiff's claims were dismissed against the University and all individuals except defendant; a trial on the claim against defendant commenced on January 5, 1995. At the close of plaintiff's case, the Court denied defendant's motion for a directed verdict. The Court provides this writing in support thereof and to precisely identify the constitutional right involved.

### I. BACKGROUND

A brief summary of plaintiff's direct case is necessary. Plaintiff was a graduate student in the Department of Human Services (the "Department") at the University. In order to graduate, she was required to pass an examination. She took the examination, which was graded by two assistant professors. After being informed by one of the professors that she had failed the examination, plaintiff approached defendant, the chairman of the Department, and asked to see her examination paper. Defendant did not show her the paper; apparently, it had been misplaced.

Plaintiff testified that defendant told her that she would need to have sexual intercourse with him in order to graduate. She did not have sexual intercourse with defen-

dant, but she agreed to allow him to take photographs of her in the nude. The two arranged to meet at defendant's rented home. Plaintiff appeared at the home on the appointed date with her father, now deceased, secreted away in the back seat of her car. When defendant met her at the car, the father emerged from the car to defendant's surprise. At that point, according to plaintiff's testimony, defendant exclaimed: "I give up. You graduate. You graduate."

Plaintiff claims that she was repeatedly and systematically subjected to unwelcome sexual harassment by defendant in violation of her constitutional rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments. She seeks federal relief pursuant to § 1983.

## II. *DISCUSSION*

■ In order to properly present a claim under § 1983[1], a plaintiff must establish: (1) that the defendant acted under color of state law; (2) that, by those actions, the defendant intentionally deprived plaintiff of a right protected under the Constitution or laws of the United States; and (3) that the defendant's actions were the proximate cause of the deprivation. In the instant case, the Court ruled, by order dated June 9, 1994, that plaintiff satisfied the first element—*i.e.,* that defendant was clothed with state authority when he acted. The second element requires discussion.

■ The equal protection clause of the Fourteenth Amendment confers a right to be free from gender discrimination that is not substantially related to important governmental objectives. *Beardsley v. Webb,* 30 F.3d 524, 529 (4th Cir.1994) (citing *Davis v. Passman,* 442 U.S. 228, 234–35, 99 S.Ct. 2264, 2271–72, 60 L.Ed.2d 846 (1979)). The Fourth Circuit has held that "intentional sexual harassment of *employees* by persons acting under color of state law violates the

Fourteenth Amendment and is actionable under § 1983." *Id.* (citing *Pontarelli v. Stone,* 930 F.2d 104, 113–14 (1st Cir.1991), and *Bohen v. City of East Chicago,* 799 F.2d 1180, 1185 (7th Cir.1986)) (emphasis added). The Supreme Court has provided a framework for determining whether an employer's acts constitute impermissible sexual harassment under Title VII, and the Fourth Circuit has held that those standards may be used in "similar" litigation under § 1983, *id.* (citing *Boutros v. Canton Regional Transit Auth.,* 997 F.2d 198, 202–03 (6th Cir.1993), and *Trautvetter v. Quick,* 916 F.2d 1140, 1149 (7th Cir.1990)). It is not clear, however, whether the Fourth Circuit intended, by use of the word "similar," to include non-employment litigation under § 1983.

■ The issues presented by defendant's motion for directed verdict are: (1) whether an action lies under § 1983 for redress of sexual harassment by a state actor who is not an employer, and, if so, (2) whether the standards developed in Title VII litigation are appropriate guideposts for determining whether sexual harassment outside the work place is unconstitutional. The Court answers both questions in the affirmative.

As to the first issue, the Fifth Circuit has stated:

> Sexual harassment is a form of sexual discrimination proscribed by the equal protection clause. Although most of the cases on this subject arise in the context of harassment in the work place, there is no meaningful distinction between the work environment and school environment which would forbid such discrimination in the former context and tolerate it in the latter. Women need not endure sexual harassment by state actors under any circumstance, the school setting included.

*Doe v. Taylor Indep. School Dist.,* 975 F.2d 137, 149 (5th Cir.1992) (citation omitted).

---

1. The portion of the Civil Rights Act of 1871 currently codified as Section 1983 of Title 42 of the United States Code reads as follows:

   Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law ... for redress.

   42 U.S.C. § 1983 (1983).

The Court agrees with that conclusion. A plaintiff may bring an action, pursuant to § 1983, against a school official, acting under color of state law, for sexual harassment that violates rights protected by the equal protection clause.

Plaintiff must, of course, show that the sexual harassment rose to the level of a constitutional violation. The Fourth Circuit has held that conduct of an employer, acting under color of state law, violates rights protected by the equal protection clause where it is " 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' " *Beardsley*, 30 F.3d at 529 (quoting *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986)). Whether the discriminatory conduct meets this threshold must be determined by " 'looking at all the circumstances [including its] frequency; its severity; whether it is physically threatening or humiliating, or whether it unreasonably interferes with the employee's work performance.' " *Id.* (quoting *Harris v. Forklift Sys., Inc.*, — U.S. —, —, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993)).

The Supreme Court articulated this standard to advance "Title VII's broad rule of workplace equality." *Harris v. Forklift Sys., Inc.*, — U.S. —, —, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993). The policies underlying that "broad rule" support with equal force imposition of the same standard in the school setting. A student's experience in school depends on the conduct of the faculty and administration in the same way an employee's experience in the work place depends on the conduct of the employer. A professor or administrator, like an employer, possesses authority over students, which if inappropriately wielded, may create a hostile or abusive environment in school. Such an environment is as detrimental to a student's well being as it is to an employee's: just as it may impede advancement at the office, it may impede success in the classroom; just as it may erode harmony in the work place, it may thwart exchange of ideas in the school; just as it may humiliate an employee before her peers, it may humiliate a student before her peers. As to the second issue presented above, the Court concludes that it is appropriate to use the standard developed in Title VII litigation for determining whether sexual harassment in a school setting rises to the level of a constitutional deprivation.

 Based on that standard, plaintiff presented sufficient evidence of sexual harassment during her direct case to withstand defendant's motion for a directed verdict. Plaintiff also presented sufficient evidence on the third and final element of her § 1983 claim—*i.e.*, that defendant's acts were the proximate cause of her injuries—to withstand the motion.

### III.  CONCLUSION

For the above reasons, plaintiff properly presented a claim, pursuant to § 1983, for violations under the equal protection clause. Defendant's motion for directed verdict is denied.

SO ORDERED.